NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-50594 |
| | ) | |
| Plaintiff - Appellee, | ) | D.C. No. 8:11-cr-00151-CJC-1 |
| | ) | |
| | ) | MEMORANDUM[*] |
| v. | ) | |
| | ) | |
| CHRISTIAN EUNSUNG CHUNG, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | No. 12-50605 |
| | ) | |
| Plaintiff - Appellee, | ) | D.C. No. 8:11-cr-00151-CJC-2 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KU IL LEE, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

Appeals from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 5, 2014[]
Pasadena, California

Before: FERNANDEZ, GRABER, and MURGUIA, Circuit Judges.

Christian Eunsung Chung and Ku Il Lee appeal their convictions and sentences for wire fraud. See 18 U.S.C. § 1343. We affirm.

(1)     Chung and Lee first assert that the evidence was insufficient to support the jury's determination that they intentionally participated in a scheme that used the wires to defraud the Medicare program operated by the United States Department of Health and Human Services. See id.; United States v. Jinian, 725 F.3d 954, 960 (9th Cir. 2013); United States v. Blitz, 151 F.3d 1002, 1006 (9th Cir. 1998). We disagree. The evidence was sufficient because, "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Nevils, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc); see also Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). More specifically, the evidence was ample to show that it was foreseeable

_____

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

that wire transmissions would be used to carry out the scheme[1] and that Chung and Lee specifically intended to defraud the government.[2]

(2)    Chung and Lee next argue that there was plain error[3] when the government objected to a question about the comparison of handwriting in certain documents, which was asked of one of the government's witnesses on cross-examination.  The government's objection that a certified document examiner was not present and that the documents spoke for themselves was promptly overruled by the district court, and the line of questioning went forward without further ado.  The objection neither tended to shift the burden of persuasion to the defense[4] nor vouched for the witness.[5]  There was no plain error.

(3)    Chung and Lee finally argue that their sentences violate the Sixth Amendment to the United States Constitution.  U.S. Const. amend. VI.  Their

---

[1]See Jinian, 725 F.3d at 960, 966.

[2]See United States v. Pelisamen, 641 F.3d 399, 409 (9th Cir. 2011); United States v. Ciccone, 219 F.3d 1078, 1084 (9th Cir. 2000); United States v. Lothian, 976 F.2d 1257, 1262–63, 1267 (9th Cir. 1992); see also United States v. Boone, 951 F.2d 1526, 1538–39 (9th Cir. 1991).

[3]See United States v. Olano, 507 U.S. 725, 732–35, 113 S. Ct. 1770, 1776–78, 123 L. Ed. 2d 508 (1993).

[4]See United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir. 1993).

[5]See United States v. Weatherspoon, 410 F.3d 1142, 1146 (9th Cir. 2005).

3

argument fails because the district court's calculation of loss for guideline purposes[6] affected neither a mandatory minimum sentence[7] nor the maximum possible sentence[8] for wire fraud crimes.[9]

AFFIRMED.

---

[6]See USSG §2B1.1(b) (Nov. 2012); see also United States v. Torlai, 728 F.3d 932, 938 n.6 (9th Cir. 2013).

[7]See Alleyne v. United States, __ U.S. __, __, 133 S. Ct. 2151, 2155, 186 L. Ed. 2d 314 (2013).

[8]See Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63, 147 L. Ed. 2d 435 (2000).

[9]The statutory sentencing range is imprisonment for "not more than 20 years." 18 U.S.C. § 1343.